Filed 11/26/24  P. v. Fuqua CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN FUQUA,<br><br>    Defendant and Appellant. | C099998<br><br>(Super. Ct. No. CR80875) |

Defendant Kevin Fuqua appeals the denial of his Penal Code section 1172.6 petition.[1]  Appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Fuqua filed a supplemental brief asserting that the trial court erred in denying his section 1172.6 petition at the prima facie stage and that the evidence was insufficient to convict him at his original trial.  We affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

BACKGROUND

In 1988, a jury found Fuqua guilty of first degree murder (§ 187, subd. (a)) and found true that he personally used a firearm (§ 12022.5). The trial court had only instructed the jury on malice aforethought murder. The court sentenced Fuqua to life with the possibility of parole. On direct appeal, this court granted him an additional day of custody credit and affirmed the judgment as modified. (*People v. Fuqua* (Mar. 5, 1990, C004789) [nonpub. opn.].)

In 2019, Fuqua petitioned for relief under what is now section 1172.6. The trial court denied the petition because the jury "was not instructed on any theory of accomplice liability or felony-murder" and Fuqua was therefore ineligible for relief.

In 2023, Fuqua again petitioned for resentencing pursuant to section 1172.6. He also requested resentencing under Assembly Bill No. 2942 (2017-2018 Reg. Sess.) and former section 1170, subdivision (d)(1) (now § 1172.1). The trial court again denied the section 1172.6 petition, reasoning that "the basis for denying the first petition remains applicable." The court further concluded that Fuqua could not initiate the recall process under section 1172.1.

Fuqua timely appealed the denial of his section 1172.6 petition.

DISCUSSION

Fuqua's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) In *People v. Delgadillo* (2022) 14 Cal.5th 216, our Supreme Court held that the *Wende* procedure does not apply in appeals from the denial of a section 1172.6 petition. (*Delgadillo*, at pp. 221-226.) Rather, when appointed counsel finds no arguable issue to be pursued on appeal and the defendant subsequently files a supplemental brief or letter, a reviewing court must evaluate the specific arguments presented in that brief and issue a written opinion. (*Id.* at pp. 231-232.)

2

Fuqua's supplemental brief contends that the trial court erred in denying his petition at the prima facie stage. More specifically, he argues that the court acted in excess of its jurisdiction by deciding the merits of the petition at the prima facie stage, was required to accept all of his allegations as true, and engaged in improper factfinding.

Section 1172.6, subdivision (a) permits individuals who were "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts" when certain conditions apply. One of the required conditions is that the "petitioner could not presently be convicted of murder" because of recent changes to sections 188 and 189. (§ 1172.6, subd. (a)(3).) Once a complying petition is filed, the trial court appoints counsel if requested, the parties submit briefs, and the court makes a prima facie determination of eligibility. (§ 1172.6, subds. (b)(3), (c).)

A trial court's inquiry into whether a petitioner has stated a prima facie case is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court takes the petitioner's " ' "factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Trial courts may examine the record of conviction to determine whether a petitioning defendant has established a prima facie entitlement to relief. (*Id.* at pp. 970-972.) If the jury instructions provided at trial foreclose the possibility, as a matter of law, that a defendant was convicted on a now-invalid theory of murder, the trial court may deny the petition at the prima facia stage. (See *People v. Curiel* (2023) 15 Cal.5th 433, 470.) But a trial court may not "engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 974.) The " 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) We review de novo a trial

3

court's decision to deny a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

In this case, the trial court correctly concluded that Fuqua was ineligible for section 1172.6 relief as a matter of law. The jury was not permitted to convict him under the felony-murder rule, the natural and probable consequences doctrine, or any theory in which malice was imputed to him because the jury received no instructions on such theories of murder liability. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"]; *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].) The trial court did not act in excess of its jurisdiction, as section 1172.6 and *People v. Lewis*, *supra*, 11 Cal.5th 952 expressly permit a trial court to deny a petition at the prima facie stage. Nor did the court engage in improper factfinding in determining the legal theories that were available to the jury based on the record of conviction.

Fuqua argues in passing that the trial court's alleged errors violated his federal and state due process rights. But as discussed, we conclude that the court did not err in denying his petition.

Fuqua also asserts that an eyewitness to the crime recanted her preliminary hearing testimony before trial. This fact formed the basis of his claim, raised in his direct appeal, that the trial court erred in admitting the witness's preliminary hearing testimony at trial. This court previously rejected that claim. (*People v. Fuqua*, *supra*, C004789.) Fuqua now argues, in essence, that the evidence at his trial was insufficient to establish that he was the shooter because this witness recanted her preliminary hearing testimony. We decline to address this claim in this appeal from the trial court's order denying resentencing under section 1172.6. Section 1172.6 extends the benefit of the

4

Legislature's revisions to state murder law to previously sentenced defendants. It does not permit defendants to seek relief on other claims of trial error. (§ 1172.6, subd. (a); *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Moreover, Fuqua's contention could have been, but was not, raised in his prior appeal, and he offers no justification for the delay in asserting the claim. (*People v. Senior* (1995) 33 Cal.App.4th 531, 538 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"].)

## DISPOSITION

The trial court's order denying Fuqua's section 1172.6 petition is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
KRAUSE, Acting P. J.

/s/
BOULWARE EURIE, J.